1  **RIMAC MARTIN, P.C.**
   JOSEPH M. RIMAC - State Bar No. 72381
2  ANNA M. MARTIN - State Bar No. 154279
   1051 Divisadero Street
3  San Francisco, California 94115
   Telephone (415) 561-8440
4  Facsimile (415) 561-8430

5  Attorneys for Defendants
   CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.,
6  LONG TERM DISABILITY PLAN;
   UNUM LIFE INSURANCE COMPANY OF AMERICA
7

8              UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11                                    *E-FILING*

12 GLORIA LITTLES-ANDRADES,         )
                                    ) CASE NO. C 08-02837 EMC
13                                  )
         Plaintiff,                 ) **DEFENDANTS' ANSWER TO**
14                                  ) **PLAINTIFF'S COMPLAINT**
     vs.                            )
15                                  )
   CUSHMAN & WAKEFIELD OF CALIFORNIA,)
16 INC., LONG TERM DISABILITY PLAN; )
   UNUM LIFE INSURANCE COMPANY OF   )
17 AMERICA (Real Party in Interest),)
                                    )
18       Defendants.                )
                                    )
19 _____)

20     COME NOW Defendants CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.,

21 LONG TERM DISABILITY PLAN and UNUM LIFE INSURANCE COMPANY OF

22 AMERICA ("UNUM") (herein collectively referred to as "defendants"), and in answer to

23 Plaintiff's Complaint ("plaintiff's complaint"), respond, state, and aver as follows:

24     1.    Answering paragraph 1, defendants admit that the plan at issue in this lawsuit is

25 governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants

26 further admit that this Court has subject matter jurisdiction. Save and except as expressly

27 admitted herein, defendants deny each and every remaining allegation contained in paragraph 1

28 of plaintiff's complaint.

1  2.  Answering paragraph 2, defendants admit that the plan is an employee benefit plan under ERISA.  Save and except as expressly admitted herein defendants deny each and every remaining allegation contained in paragraph 2 of plaintiff's complaint.

3.  Answering paragraph 3, defendants admit that UNUM is the claims review fiduciary.  Defendants further admit that the plan is wholly insured by short and long term group disability policies issued by Unum.  Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 3 of plaintiff's complaint.

4.  Answering paragraph 4, defendants admit that UNUM determined that plaintiff was entitled to disability benefits under the plan at some of the time, but not all of the time raised in plaintiff's complaint.  Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 4 of plaintiff's complaint.

5.  Answering paragraph 5, defendants admit that UNUM issued its initial decision deny further benefits to plaintiff on or about October 29, 2002.  Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 5 of plaintiff's complaint.

6.  Answering paragraph 6, defendants admit that UNUM issued its written decision after appeal upholding its initial decision to deny further benefits on or about February 20, 2003.  Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 6 of plaintiff's complaint.

7.  Answering paragraph 7, defendants deny each and every allegation contained in paragraph 7 of plaintiff's complaint.

8.  Answering paragraph 8, defendants state the plan speaks for itself.  Save and except as expressly admitted herein, defendants deny each and every remaining allegation contained in paragraph 8 of plaintiff's complaint.

9.  Answering paragraph 9, defendants deny each and every allegation contained in paragraph 9 of plaintiff's complaint.

10.  Answering paragraph 1 of plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any further benefits, and deny that plaintiff has been damaged in the

amount alleged, in any amount, or at all, and further deny that plaintiff is entitled to any relief whatsoever.

11. Answering paragraph 2 of plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any award of attorney's fees and/or interest thereon, and further deny that plaintiff is entitled to any relief whatsoever.

12. Answering paragraph 3 of plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any relief whatsoever.

**WHEREFOR,** defendants pray for judgment as set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's purported claim for relief fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Plan.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims against defendant arise solely under ERISA. Therefore, plaintiff's rights and remedies are limited solely to those afforded under ERISA.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to mitigate her alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has failed to perform all of her obligations under the Plan at issue.

### SEVENTH AFFIRMATIVE DEFENSE

7. The decision on plaintiff's claim was neither arbitrary nor capricious.

///

**EIGHTH AFFIRMATIVE DEFENSE**

8. No act or omission of defendant constitutes the proximate or legal cause of any of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of insurance did not allow for payment of the claimed benefits beyond those benefits already paid.

**NINTH AFFIRMATIVE DEFENSE**

9. Any alleged damage suffered by plaintiff was in no way caused by, or the result of, any fault, act or omission by defendants, but was caused by circumstances, persons, and/or entities, including plaintiff, for which and/or whom defendants are not and may not be held responsible, and for which defendants cannot be held liable.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted in plaintiff's complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's complaint fails to state facts sufficient to entitle plaintiff to an award of attorneys' fees under ERISA.

**TWELFTH AFFIRMATIVE DEFENSE**

12. While denying any liability to plaintiff, there is no "vesting" of benefits under the policy, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability. Benefits cannot be awarded prospectively.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. UNUM Life Insurance Company of America is an improper defendant in that ERISA permits suits to recover benefits only against the Plan as an entity. *Everhart v. Allmerica*, 275 F.3d 751 (9th Cir. 2001) and *Ford v.MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005).

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred in whole or in part by the contractual limitation contained in the plan.

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred in whole or in part by the contractual limitation provided for by Insurance Code, Section 10350.11and included in the plan.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure, Sections 337 & 339.

Defendants reserve the right to assert additional affirmative defenses should it become aware of additional defenses during the course of this litigation, as set forth in Federal Rules of Civil Procedure, Rule 8.

**WHEREFOR**, defendants pray for judgment as follows:

1. That plaintiff take nothing by reason of her complaint;
2. For defendants' attorneys' fees and costs of suit incurred herein; and,
3. For such other and further relief as the Court deems just and proper.

RIMAC MARTIN, P.C.

DATED: August 11, 2008     By:     /s/ ANNA M. MARTIN
ANNA M. MARTIN
Attorneys for Defendants
CUSHMAN & WAKEFIELD OF CALIFORNIA, INC., LONG TERM DISABILITY PLAN; UNUM LIFE INSURANCE COMPANY OF AMERICA