1  **RIMAC & MARTIN, P.C.**
   JOSEPH M. RIMAC - State Bar No. 72381
2  ANNA M. MARTIN - State Bar No. 154279
   1051 Divisadero Street
3  San Francisco, California 94115
   Telephone (415) 561-8440
4  Facsimile (415) 561-8430

5  Attorneys for Defendants
   CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.,
6  LONG TERM DISABILITY PLAN;
   UNUM LIFE INSURANCE COMPANY OF AMERICA
7

8  **LAW OFFICES OF LAURENCE F. PADWAY**
   LAURENCE F. PADWAY - State Bar No. 89314
   COSTA NIKOLOUTSOPOULOS - State Bar No. 248905
9  1516 Oak Street, Suite 109
   Alameda, California 94501
10 Telephone: (510) 814-6100
   Facsimile: (510) 814-0650
11
   Attorneys for Plaintiff
12 GLORIA LITTLES-ANDRADES

13

14
                    UNITED STATES DISTRICT COURT
15
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
16

17
                                            *E-FILING*
18
   GLORIA LITTLES-ANDRADES,            )
19                                     )  CASE NO. CV 08-02837 MMC
                                       )
20         Plaintiff,                  )  **JOINT STATUS REPORT/CASE**
                                       )  **MANAGEMENT CONFERENCE**
21     vs.                             )  **STATEMENT**
                                       )
22 CUSHMAN & WAKEFIELD OF CALIFORNIA,  )  Date:  September 12, 2008
   INC., LONG TERM DISABILITY PLAN;    )  Time:  10:30 a.m.
23 UNUM LIFE INSURANCE COMPANY OF      )  Ctrm:  7, 19th Floor
   AMERICA (Real Party in Interest),   )
24                                     )  The Honorable Maxine M. Chesney
         Defendants.                   )
25 _____ )

26
   ///
27

28
                                    -1-

   **JOINT CASE MANAGEMENT**
   **CONFERENCE STATEMENT**                      **CASE NO.** CV 08-02837 MMC

The parties in the above-captioned matter submit this Case Management Statement and Proposed Order, and request the Court adopt it as its Case Management Order for this case.

**1.     Jurisdiction and Service**

This Court has subject matter jurisdiction in that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C., Sections 1001 *et seq.*

All parties have been served and appeared.

**2.     Facts**

This case relates to an employee welfare benefit plan governed by ERISA. Plaintiff, Gloria Littles-Andrades, was an employee of Cushman & Wakefield, Inc., and a participant in the Cushman & Wakefield of California, Inc. Long-term Disability Plan (the "Plan"), which procured group long term disability insurance underwritten by Unum Life Insurance Company of America ("Unum"). Plaintiff seeks judicial review of UNUM's decision to deny benefits under a group disability insurance policy, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B).

**The Principal Factual Issues Which the Parties Dispute**

Plaintiff's Statement

Whether plaintiff satisfied the plan's definition of disability as of the date of denial of the claim for benefits.

Whether any statute of limitations or contractual limitation applies, and whether these limitations are tolled.

Defendant's Statement

Whether UNUM's determination to deny further LTD benefits was reasonable.

Whether plaintiff's claims are barred in whole or in part by the contractual limitation provided for by Insurance Code, Section 10350.11 and included in the plan.

Whether plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure, Sections 337 & 339.

## 3. **Legal Issues**

<u>Plaintiff's Statement</u>

The applicability of any statute of limitations or contractual limitations and whether these limitations are tolled.

Whether the standard of review to be conducted by the Court is an "abuse of discretion" or "de novo." In the event that it is determined that the standard of review is for abuse of discretion, rather than de novo, Plaintiff contends that the failure of defendants to act appropriately will affect the existence of and amount of deference granted to Defendants. *See Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008).

Plaintiff alleges that the she was not provided a full and fair review as required under *Abatie* v. *Alta Health and Life Ins. Co.*, 458 F. 3d 955 (2006), and was not provided a clear and coherent explanation of what was missing from the proof of claim as required by *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863 (2007), and related cases.

These issues can be addressed concurrently with hearing on the merits.

<u>Defendants' Statement</u>

The principal factual and legal bases for plaintiff's claims and defendant's defenses are:

- The standard of review to be applied by the Court when reviewing UNUM's decision to deny further benefits to plaintiff.
- Whether plaintiff's claims are barred in whole or in part by the contractual limitation provided for by Insurance Code, Section 10350.11 and included in the plan.
- Whether plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure, Sections 337 & 339.

## 4. **Motions**

There are no prior or pending motions. The parties believe that this case may be decided on cross-motions for summary judgment. The parties reserve their right to file other appropriate motions.

5. **Amendment of Pleadings**

No amendments are anticipated.

6. **Evidence Preservation**

Plaintiff's Statement

Plaintiff asserts that discovery is permitted under certain circumstances, such as when a conflict of interest exists. *See Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008) and *Abatie* v. *Alta Health and Life Ins. Co.*, 458 F. 3d 955 (2006). Plaintiff agrees to preserve all documents relevant to the subject matter of litigation.

Defendants' Statement

Defendants assert that no discovery is permitted as the review of the denial of plaintiff's claim for benefits must be made by the Court based on the administrative record of the claims appeal that was before UNUM at the time it concluded benefits were not payable. See *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1094-1095 (9th Cir. 1999) and *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1471-72 (9th Cir. 1993).

The administrative record will be produced to plaintiff by Friday, September 5, 2008.

Notwithstanding the foregoing, the parties agree, during pendency of the litigation, to preserve all documents relevant to the subject matter of litigation, including, electronic databases, internal and external e-mail systems, and hard copy documents. The parties affirm that appropriate steps have been taken to help ensure the preservation of potentially discoverable materials.

7. **Disclosures**

Plaintiff's Statement

Plaintiff mailed her initial disclosures to Defendants' counsel on September 2, 2008, which consisted of a list of witnesses and medical providers that would have primary knowledge concerning Plaintiff's medical conditions, and documents provided via computer CD relating to this case such as: correspondence between the parties, Plaintiff's medical records, and Plaintiff's employee file. Plaintiff anticipates receiving the administrative record from Defendants' counsel shortly. In the event that Plaintiff deems the administrative record incomplete, Defendants'

-4-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                                     CASE NO.  CV 08-02837 MMC

counsel will be informed and requested that the record be supplemented. Plaintiff assserts that a full and complete administrative record should be provided.

Defendant's Statement

Full and timely compliance of disclosures, which consist of the non-privileged portions of the administrative record, will be provided to plaintiff on September 5, 2008 in compliance with the Court's order.

**8.   Discovery**

Plaintiff's Statement

Discovery has not yet taken place. Plaintiff may desire discovery after reviewing the administrative record, which has not yet been provided to Plaintiff, on issues such as the completeness of the administrative record, conflict of interest, and funding of the Plan.

Defendants' Statement

Defendants assert that no discovery is permitted as the review of the denial of plaintiff's claim for benefits must be made by the Court based on the administrative record of the claims appeal that was before UNUM at the time it concluded benefits were not payable. See *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1094-1095 (9th Cir. 1999) and *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1471-72 (9th Cir. 1993).

**9.   Class Action**

This is not a class action.

**10.   Related Cases**

There are no related cases.

**11.   Relief**

Plaintiff's Statement

Plaintiff asserts the following damages and requests that the court grant relief:

A. Plaintiff earned $3,744 per month. The Plan pays a benefit equal to 60% of salary after a 180 day elimination period in the amount of $2,246.40. Plaintiff has therefore lost benefits due to date of approximately $152,755.20. For future benefits until January 15, 2013 in the amount of $119,059.20. For benefits, past and future, for long term disability, in the sum of $271,811.40,

plus interest according to proof;

B.  For attorneys fees of $150,000 or according to proof;

C.  For such other relief as the court deems just and proper.

<u>Defendants' Statement</u>

Defendants assert that plaintiff is not entitled to any relief whatsoever.

**12.    Settlement and ADR**

Plaintiff desires court-sponsored mediation, and has discussed this option with Defendants' counsel.  Defendants have agreed to court-sponsored mediation to be completed within 120 days of the case management conference.

**13.    Consent to Magistrate Judge For All Purposes**

Plaintiff previously was, and currently is, willing to proceed before a Magistrate Judge. Defendants respectfully declined to consent to a Magistrate Judge and the matter has been assigned to the Honorable Maxine M. Chesney, United States District Court Judge.

**14.    Other References**

The parties do not believe this case is suitable for other references.

**15.    Narrowing of Issues**

The parties do not believe that the issues can be narrowed at this point.

**16.    Expedited Schedule**

The parties believe this case can be handled on an expedited basis.  Plaintiff asserts that this is contingent on the completeness of the Administrative Record, which has not yet been received or reviewed by Plaintiff.

**17.    Scheduling**

Plaintiff anticipates receiving the Administrative Record within two weeks of signing this statement.  Reviewing the record will take approximately two months.  If Plaintiff determines discovery is necessary, Plaintiff will require approximately two months in addition to conduct such discovery.

**18.    Trial**

If this matter is not resolved via dispositive motions, Plaintiff anticipates that a bench trial

-6-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                                            CASE NO.  CV 08-02837 MMC

will last no more than one day. Plaintiff contends that the documentary evidence will be primarily based on the administrative record, but that in some instances, evidence outside the administrative record is permitted. Plaintiff does not anticipate calling live witness or experts, and any testimonial evidence submitted will be in the form of declarations. It is anticipated that either Costa Nikoloutsopoulos or Laurence Padway will try the case for Plaintiff and Anna M. Martin will try the case for Defendants.

**19.     Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed the "Certificate of Interested Entities or Persons" as required by Civil Local Rule 3-16. Plaintiff asserts that other than the named parties, there is no other interested entity or party.

Defendants filed the Certificate of Interested Entities or Persons on August 11, 2008. Defendants identified the following in their filing:

Gloria Littles-Andradas

Cushman Wakefield of California, Inc. Long Term Disability Plan

UNUM Life Insurance Company of America

Unum Group, parent company of UNUM Life Insurance Company of America.

**20.     Other Matters**

Plaintiff would like to alert the Court that Plaintiff's counsel, attorney Costa Nikoloutsopoulos, will not be available from November 21, 2008 to December 1, 2008 due to his wedding and honeymoon. Defense counsel, Anna Martin, has a three week trial specially set in Madera County beginning on December 1, 2008.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                                        CASE NO.  CV 08-02837 MMC

LAW OFFICES OF LAURENCE F. PADWAY

DATED: September 4, 2008       By:     /s/ COSTA NIKOLOUTSOPOULOS

COSTA NIKOLOUTSOPOULOS

Attorneys for Plaintiff

GLORIA LITTLES-ANDRADES


RIMAC & MARTIN, P.C.

DATED: September 4, 2008       By:     /s/ ANNA M. MARTIN

ANNA M. MARTIN

Attorneys for Defendants

CUSHMAN & WAKEFIELD OF CALIFORNIA,

INC., LONG TERM DISABILITY PLAN; UNUM

LIFE INSURANCE COMPANY OF AMERICA

-8-

## CASE MANAGEMENT [PROPOSED] ORDER

The Joint Status Report / Case Management Conference Statement is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order.

Dated: _____                By: _____

                                    Judge of the United States District Court

-9-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                                    CASE NO. CV 08-02837 MMC